IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ROBERT CARSWELL,
aka MANDELA ROBERT
CARSWELL,

       Plaintiff

    VS.

A. H. RIOS, JR., FEDERAL BUREAU
OF PRISONS,

       Defendants

CIVIL ACTION NO. 5:03-CV-191 (HL)

**ORDER**

Plaintiff **ROBERT CARSWELL**, an inmate at U.S.P. Big Sandy in Inez, Kentucky, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

The Prison Litigation Reform Act of 1995 provides as follows:

> [I]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury.

28 U.S.C. § 1915(g)

The Eleventh Circuit has concluded that section 1915(g) does not violate the following: the doctrine of separation of powers; an inmate's right of access to the courts;

an inmates right to due process of law; or an inmates right to equal protection. Accordingly, the Eleventh Circuit has upheld the constitutionality of section 1915(g). ***Rivera v. Allin***, 144 F.3d 719, 721-27 (11th Cir. 1998).

A review of plaintiff's history of filings reveals that plaintiff has brought numerous civil actions with federal courts in the State of Georgia while incarcerated. At present, at least ten (10) of these complaints have been dismissed as frivolous prior to service of process pursuant to 28 U.S.C. § 1915: ***Carswell v. Jones***, 1:95-cv-2627-WBH (N.D. Ga. Dec. 12, 1995); ***Carswell v. Moxley***, 1:96-cv-1473-WBH (N.D. Ga. Aug. 27, 1996); ***Carswell v. Garner***, 1:96-cv-1827-WBH (N.D. Ga. Sept. 12, 1996); ***Carswell v. Jones***, 1:96-cv-1826-WBH (N.D. Ga. Sept. 16, 1996); ***Carswell v. Miller***, 1:96-cv-2304-WBH (N.D. Ga. Dec. 16, 1996); ***Carswell v. Purcell***, 1:96-cv-3280-WBH (N.D. Ga. Apr. 21, 1997); ***Carswell v. Francisco***, 5:97-cv-608(HL) (M.D. Ga. Sept. 10, 1997); ***Carswell v. Morgan***, 1:97-cv-960-WBH (N.D. Ga. Oct. 1, 1997); ***Carswell v. Ursitti***, 5:97-cv-660(WDO) (M.D. Ga. Oct. 7, 1997); ***Carswell v. Mercado***, 3:98-cv-54(DHB) (S.D. Ga. Jan. 11, 1999).

As plaintiff has more than three strikes under section 1915(g), he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g). Upon review of plaintiff's complaint, this Court finds no indication that the plaintiff is "under imminent danger of serious physical injury."

Because plaintiff has had more than three prior dismissals and is not under imminent danger of serious injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice. If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $350.00 filing fee at

the time of filing the complaint.

**SO ORDERED**, this 13th day of June, 2008.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lnb